UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS T. MITCHAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CWB MORTGAGE VENTURES, LLC DBA IDAHOWIDE MORTGAGE, a Delaware limited liability corporation; FIDELITY NATION TITLE INSURANCE COMPANY, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; BANK OF AMERICA, N.A., a banking association; RECONTRUST COMPANY, N.A., a wholly owned subsidiary of Bank of America, N.A.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 1:11-CV-259-BLW-LMB<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned United States Magistrate Judge for all matters by Order dated February 8, 2012 (Dkt. 17). Currently pending is Defendants' Motion to Dismiss filed on December 21, 2011 (Dkt. 8). For the reasons stated below, the undersigned recommends that the motion be granted and that this case be dismissed in its entirety.

ORDER - 1

# REPORT

Plaintiff filed his Complaint for Declaratory Relief, Injunctive Relief and Permanent Injunction and Demand for Jury Trial on June 1, 2011 (Dkt. 2). Plaintiff alleges several causes of action challenging Defendants' rights to foreclose upon his residential property including "lack of standing," breach of contract, breach of fiduciary duty and covenant of good faith and fair dealing, fraudulent substitution of trustee, slander of title and fraud.

Defendants filed the currently pending motion to dismiss this complaint in its entirety for failure to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). (Dkt. 8). The Clerk of the Court gave Notice to Plaintiff of his duty to respond to the motion, and the consequence of failing to do so. (Notice, Dkt. 11.) Plaintiff's response to the motion was due January 17, 2012, and Plaintiff failed to respond. On February 8, 2012, the Court issued an Order giving Plaintiff additional time – through February 18, 2012 – within which to respond to the motion to dismiss. (Order, February 8, 2011, Dkt. 17). In that Order, the Court advised Plaintiff again that if he failed to respond to the motion, the Court would deem his failure as consent to the motion as allowed by Dist. Idaho Civ. Loc. R. 7.1(e), and dismiss his action accordingly without further notice.

Plaintiff still has not responded to the motion to dismiss, or taken any other action indicating an intent to prosecute this action further. The undersigned therefore deems

Plaintiff's failure to respond as consent to the Defendants' motion to dismiss under Dist. Idaho Loc. Civ. R. 7.1(e).

Further, the Court has reviewed Defendants' Motion to Dismiss and finds that it should be granted on its merits regardless of Plaintiff's failure to respond.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Rule 8(a) of the Federal Rules of Civil Procedure sets forth the minimum pleading requirement, which is that the plaintiff provide only a "short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

When reviewing a motion to dismiss, a district court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these allegations, the court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129

S.Ct. at 1949.

After any conclusory statements have been removed, the court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.*, 345 Fed. Appx. at 234. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Iqbal*, 129 S. Ct. at 1949.

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*) (internal citation omitted).

ORDER - 4

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment under Fed. R. Civ. P. 56, and allowing the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). "A court may, however, consider certain materials– documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice– without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)); *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004)**.**

**DISCUSSION**

Plaintiff's complaint alleges various theories of invalidating an otherwise legal non-judicial foreclosure, each of which are without merit. The non-judicial foreclosure that Plaintiff complains of is governed by Chapter 15 of Title 45 of the Idaho Code. That chapter "provides a comprehensive regulatory scheme for nonjudicial foreclosure of

deeds of trust." *Spencer v. Jameson*, 211 P.3d 106, 115 (Idaho 2009); *see also Thorian v. Baro Enters., LLC*, 387 B.R. 50, 62 (Bankr. D. Idaho 2008) ("Title 45, Chapter 15 of the Idaho Code governs foreclosure of trust deeds.").

When a deed of trust secures repayment of a loan, the real property securing the loan is conveyed "to a trustee in trust to secure the performance of [the loan] obligation." I.C. § 45-1502(3). In those circumstances, "a power of sale is [t]hereby conferred upon the trustee to be exercised after a breach of the [loan] obligation." *Id.,* § 45-1503(1). When the loan obligation is breached, the deed of trust "may be foreclosed by advertisement and sale in the manner [t]hereinafter provided." *Id.*; *see also Roos v. Belcher*, 321 P.2d 210, 213 (1958) (explaining that deeds of trust authorize "the sale of the property by the trustee without judicial proceedings. . . ").

The statute lists four requirements for a trustee to foreclose by advertisement and sale: First, the deed of trust and any assignments of it and appointments of a successor trustee must be recorded, as set forth in the statute. I.C. § 45-1505(1). Second, the loan must be in default. *Id.,* § 45-1505(2). Third, a notice of default must be filed and mailed in the manner set forth in the statute. *Id.,* § 45-1505(3). Fourth, no other action to recover the debt may have been instituted. *Id.*, § 45-1505(4).

After the notice of default, but at least 120 days before the trustee's sale, a notice of the sale must be issued. *Id.*, § 45-1506(2)-(7). "The sale shall be held on the date and at the time and place designated in the notice of sale" unless the sale is postponed. *Id.*,

deeds of trust." *Spencer v. Jameson*, 211 P.3d 106, 115 (Idaho 2009); *see also Thorian v. Baro Enters., LLC*, 387 B.R. 50, 62 (Bankr. D. Idaho 2008) ("Title 45, Chapter 15 of the Idaho Code governs foreclosure of trust deeds.").

When a deed of trust secures repayment of a loan, the real property securing the loan is conveyed "to a trustee in trust to secure the performance of [the loan] obligation." I.C. § 45-1502(3). In those circumstances, "a power of sale is [t]hereby conferred upon the trustee to be exercised after a breach of the [loan] obligation." *Id.,* § 45-1503(1). When the loan obligation is breached, the deed of trust "may be foreclosed by advertisement and sale in the manner [t]hereinafter provided." *Id.*; *see also Roos v. Belcher*, 321 P.2d 210, 213 (1958) (explaining that deeds of trust authorize "the sale of the property by the trustee without judicial proceedings. . . ").

The statute lists four requirements for a trustee to foreclose by advertisement and sale: First, the deed of trust and any assignments of it and appointments of a successor trustee must be recorded, as set forth in the statute. I.C. § 45-1505(1). Second, the loan must be in default. *Id.,* § 45-1505(2). Third, a notice of default must be filed and mailed in the manner set forth in the statute. *Id.,* § 45-1505(3). Fourth, no other action to recover the debt may have been instituted. *Id.*, § 45-1505(4).

After the notice of default, but at least 120 days before the trustee's sale, a notice of the sale must be issued. *Id.*, § 45-1506(2)-(7). "The sale shall be held on the date and at the time and place designated in the notice of sale" unless the sale is postponed. *Id.*,

§ 45-1506(8).

Plaintiff's Complaint and attached exhibits show that the procedures set forth under the Trust Deeds Act were followed in Plaintiff's foreclosure. MERS, as the beneficiary under the Deed of Trust, had the authority to appoint the trustee. (Cmplt., Exh. 3, Dkt. 2-3); *see Trotter*, 2012 WL 206004, at **4 - 5;[1] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Wadhwa v. Aurora Loan Services, LLC.*, 2012 WL 762020 (E.D. Cal. March 8, 2012); *Pantoja v. Countrywide Home Loans*, 640 F.Supp.2d 1177, 1188-89 (N.D. Cal. 2009).

MERS appointed ReconTrust as Successor Trustee on February 27, 2009. (Cmplt., Exh. 5, Dkt. 2-3). As Trustee, ReconTrust had authority under the Deed of Trust to undertake non-judicial foreclosure proceedings. (*Id.*, Exh. 3).

ReconTrust executed a Notice of Default contemporaneously. (*Id.*; Exh. 6). Both documents were recorded on March 3, 2009, with the Ada County Recorder's office – the county in which the property is located. (*Id.*, Exhs. 3 & 6). The Notice of Default was also sent to the Plaintiff by certified mail on or about May 26, 2009. (*Id.*, Exh. 8).

Accordingly, the proper assignments and notices were duly issued and recorded. *See Trotter*, __P.3d at ___; 2012 WL 206004 at *4 (Affirming that recording appointment

---

[1] The Supreme Court of Idaho expressly did not decide the issue of the validity of the MERS assignment in *Trotter*. However, the basis for not doing so was finding that the Plaintiff's cited authority clearly did not support his legal contention. *Trotter*, *supra*, at *5. Plaintiff cites the same authority and makes the same legal arguments rejected as being "non-supportive" by the Court in *Trotter*.

ORDER - 7

of successor trustee, notice of default and notice of trustee sale complied with Trust Deeds Act.)[2]

Plaintiff does not contend that the procedures themselves were not complied with, or that he did not receive notice as required under the law or the Deed of Trust, but insists that the assignments and appointments recorded were invalid. This district has already addressed and rejected Plaintiff's basis for declaring the assignments or appointments invalid in other cases[3] and rejects them here as well.

In summary, the Supreme Court of Idaho has made it clear that there is no requirement that foreclosing entities prove "standing" to undertake a non-judicial foreclosure. *Trotter v. Bank of New York Mellon, et al.*, __P.3d__, 2012 WL 206004 (Idaho, Jan. 25, 2012). The Ninth Circuit Court of Appeals has affirmed that MERS, as nominee under the deed of trust, has authority to make a valid assignment so long as provided in the deed language. *Cervantes*, 656 F.3d at 1043-44. Likewise, as agent for the lender, its successors or assigns, and under the authority granted it by the Deed of

---

[2] This Court is aware that other courts interpreting similar language under their district's state laws have concluded differently. *See Hooker v. Northwest Trustee Services, Inc.,* 2011 WL 2119103 (D. Or. May 25, 2011). This Court, however, is required to follow Idaho state law as defined by the Supreme Court of Idaho and concludes that Defendants have met this State's requirements for a valid non-judicial foreclosure.

[3] *See, e.g., Washburn v. Bank of America, et al.*, Case No. 1:11-cv-00193-CWD; *Sykes v. MERS et al.*, 1:11-cv-377-BLW-LMB; *Burton et al. v. Countrywide Bank, FSB, et al.*, 1:10-cv-298-EJL-LMB.

Trust, MERS has authority to foreclose on the property. *See Wadhwa*, 2012 WL 762020, at **16-17; *Pantajo*, 640 F.Supp.2d at 1188-89.

Each of Plaintiff's claims is founded on arguments set forth above and his contention that Defendants have no legal right to foreclose on his property. Because the Court finds that Plaintiff's complaint fails to allege any basis for this legal conclusion, the individual claims fail to the extent they are based on this premise. Moreover, the Court has reviewed and agrees with Defendants' arguments as to why each individual cause of action fails to state a claim upon which relief may be granted.

For the foregoing reasons, the undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted against the defendants. The undersigned further concludes that amendment cannot cure the deficiency of the complaint.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED with prejudice.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1 and that the failure to do so may result in that party waiving the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals. The parties are advised further that this is a report and recommendation and not a final, appealable order, and thus no appeal can

be taken from this report and recommendation.



DATED: **March 20, 2012**.

_/s/ Larry M. Boyle_
Honorable Larry M. Boyle
United States Magistrate Judge